Order Entered.

*Patrick M. Flatley*
Patrick M. Flatley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HARRY H. WEST, | ) | 5:17-bk-399 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| _____ | ) | |
| | ) | |
| CHARLES R. BOGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 5:17-ap-31 |
| | ) | |
| HARRY H. WEST, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Charles R. Boggs (the "Plaintiff") seeks summary judgment on his complaint against Harry H. West (the "Debtor"). He claims that his judgment against the Debtor rendered by the Circuit Court of Brooke County, West Virginia (the "State Court"), entitles him to summary judgment on his complaint under § 523(a)(6) of the Bankruptcy Code because the State Court adjudicated all the material facts necessary to succeed on his complaint here. The Debtor opposes summary judgment and claims that the State Court left unresolved genuine disputes of material facts relevant to the Plaintiff's action.

For the reasons stated herein, the court will grant the Plaintiff's motion for summary judgment.

1

## I. STANDARD OF REVIEW

Federal Rules of Bankruptcy Procedure 7056, incorporating Federal Rules of Civil Procedure 56(a), states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party seeking summary judgment must make a prima facie case by demonstrating the absence of any genuine dispute of material fact, and that the movant is entitled to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is the movant who bears the burden of proof to establish an absence of any genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). Material facts are the facts necessary to establish the elements in a cause of action and there must be more than a mere scintilla of evidence supporting the case. *Anderson,* 477 U.S. at 248. Thus, only the presence of a factual dispute that is outcome determinative precludes summary judgment. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

The court's role is to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Id.* The court only determines if there is a need for trial, it does not "[w]eigh the evidence and determine the truth of the matter . . . ." *Anderson*, 477 U.S. at 249-50, nor make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248. However, if the moving party does show that there is no genuine dispute of material fact, the burden then shift to the nonmoving party to set forth specific facts to prove there is a genuine dispute of material fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. If no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Id.*

## II. BACKGROUND

The facts here are largely undisputed. The Plaintiff and the Debtor own adjoining properties. The Plaintiff would often place pipes and a trailer on his side of the property boundary to keep others off his property. On January 7, 2011, the Plaintiff was driving down the lane to his property when he encountered his trailer blocking his path homeward. The Plaintiff moved his trailer to get around it and drove to his home. Once inside his home, the Plaintiff looked out his window and observed what he believed to be the Debtor "hooking up" to his trailer. The Plaintiff

went outside to confront the Debtor and an altercation ensued. The Plaintiff pulled out a "stun gun," and the Debtor then pulled out a knife. The Debtor proceeded to cut and injure the Plaintiff's head causing injury. Subsequently, the Plaintiff filed a civil action against the Debtor in the State Court. In conjunction with that action, the Plaintiff offered the testimony of a neighbor, John Isinghood, who testified that after the incident the Debtor told him that he "should have killed" the Plaintiff. On August 30, 2016, a jury found by a preponderance of the evidence that the Debtor "intentionally, willfully, wantonly, recklessly, and/or maliciously assaulted and battered" the Plaintiff, and the jury awarded the Plaintiff a total of $10,000 in compensatory and punitive damages. Notably, the jury did not find the Debtor acted in self-defense. Thereafter, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. The Plaintiff filed this adversary complaint to except his judgment against the Debtor from the Debtor's anticipated discharge.

### III. ANALYSIS

The Bankruptcy Code offers "broad provisions for the discharge of debts, subject to exceptions." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1758 (2018). The exceptions must therefore be narrowly construed in favor of providing the debtor with a fresh start. *Kabuto Tractor Corp., v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (quoting *In re Biondo*, 180 F.3d 126, 130 (4th Cir. 1999)). Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt that arises from the "willful and malicious injury by the debtor to another entity or the property of another entity." More specifically, to successfully claim a debt is nondishchargeable under § 523(a)(6), "the plaintiff must prove three elements by a preponderance of the evidence: (1) that the defendant's actions caused an injury to the plaintiff's person or property, (2) that the defendant's actions were willful, and (3) that the defendant's actions were malicious." *In re Raeder*, 409 B.R. 373, 383 (Bankr. N.D.W. Va. 2009). The test is conjunctive; willful and malicious must be treated as separate elements that should not be mingled together. *Barclays American/Business Credit, Inc. v. Long (In re Long),* 774 F.2d 875, 880-81 (8th Cir. 1985). Therefore, a willful injury must also be done maliciously under § 523(a)(6), and each element is analyzed in turn. *In re Miera*, 926 F.2d 741, 743 (8th Cir. 1991).

To begin, the exception to discharge under § 523(a)(6) is associated with the law of intentional torts. *Kawaauhau v. Geiger*, 523 U.S. 57, 60 (1998). Accordingly, injuries stemming from intentional torts are generally nondischargeable while injuries arising from conduct that is negligent or reckless remain dischargeable. *Id.* As stated by the Fourth Circuit:

> [Section] 523(a)(6) applies only to "acts done with actual intent to cause injury . . . ." [T]he mere fact that a debtor engaged in an intentional act does not necessarily mean that he acted willfully and maliciously for purposes of § 523(a)(6) . . . . "Nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."

*Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 729 (4th Cir. 2006) (citations omitted).

To sufficiently establish an injury is "willful," a plaintiff must prove that the debtor actually intended to cause injury. *Houck v. Thomas (In re Thomas)*, Adv. No. 17-ap-03, 2017 WL 3495743, at *2 (Bankr. N.D.W. Va. Aug. 14, 2017). More precisely, if a debtor acts with the intention to cause injury, the debtor acts with the knowledge that the consequences flowing from the act are certain or substantially certain to occur. *See Long*, 774 F.2d 875 at 880. To sufficiently establish an injury is "malicious" under § 523(a)(6) the plaintiff must prove that a debtor acted deliberately and intentionally with a knowing disregard of the plaintiff's rights. *First Nat'l Bank v. Stanley (In re Stanley)*, 66 F.3d 664, 667 (4th Cir. 1995). Distinct from other contexts, a malicious injury under § 523(a)(6) does not require the debtor to act with subjective ill will toward another. *Id.* Because a debtor will rarely, if ever, admit to acting in a willful and malicious manner, those requirements may be inferred from the circumstances surrounding the injury at issue. *E.g., St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985) ("Implied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances is sufficient under 11 U.S.C. § 523(a)(6).").

Here, the Plaintiff asserts that summary judgment is appropriate because the State Court jury already decided the Debtor's conduct resulted in a "willful and malicious injury." Consequently, the Plaintiff contends that the judgment precludes re-litigating that issue.[1]

The Debtor contends that the court must deny the Plaintiff's motion for summary judgment because there is a genuine dispute of material fact. The Debtor specifically claims that the jury's findings in State Court do not totally and precisely establish the elements of "willful and malicious." The Debtor claims that the State Court judgment is not entitled to preclusive effect because the jury did not determine that he acted both "willfully and maliciously." In support of

---

[1] The Plaintiff also contends that there is no genuine dispute of material fact regarding the Debtor's malice based upon the testimony of Mr. Isinghood in the State Court action. Based upon the court's disposition, however, the Plaintiff's argument is immaterial. Given the immateriality of Mr. Isinghood's testimony and the paucity of a record from the State Court, the court will not address the Plaintiff's argument for summary judgment in that regard.

his position, he relies upon the use of "and/or" in the jury verdict, which states that the Debtor "intentionally, willfully, wantonly, recklessly, *and/or* maliciously assaulted and battered [the] Plaintiff."(emphasis added).  He therefore contends that the jury's finding could just as likely be that the Debtor acted recklessly and not willfully and maliciously. The Debtor also argues the controlling definition of malicious under § 523(a)(6) is specific malice and not implied malice.

The applicable preclusion principle in this context is issue preclusion.  *Brown v. Felsen*, 442 U.S. 127, 139 n.10 (1979); *See Robert v. Lilly (In re Lilly)*, Adv. No. 17-ap-02002, 2018 WL 1514412, at *2 (Bankr. S.D.W. Va. Mar. 26, 2018).  The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to a state-court judgment as another court of that state would give." *Donham v. Walters (In re Walters)*, Adv. No. 10-93, 2011 WL 22246166, at *2 (Bankr. N.D.W. Va. June 7, 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)). Accordingly, this court must apply West Virginia law regarding issue preclusion because the judgment at issue emanates from West Virginia. *Duncan*, 448 F.3d at 728. In West Virginia, issue preclusion applies when

> (1) [t]he issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 459 S.E.2d 114, 117 (W. Va. 1995).

Considering the record here and the parties' respective arguments, in light of the foregoing, the court will grant the Plaintiff's motion for summary judgment.  Notably, parties do not dispute the second, third, and fourth elements of issue preclusion.  The State Court judgment is a final adjudication on the merits of the prior action, the party against whom the doctrine is invoked is identical to the party in the prior action, and the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.  The court must only determine whether the issue previously decided is identical to the issue here, and the court concludes that it is.  Contrary to the Debtor's argument, the court finds that the State Court's findings sufficiently support the conclusion that the Debtor's actions were willful and malicious.

Looking to the verdict as a whole, the use of the conjunction "and/or" is of little significance.  Only the use of "recklessly" in the jury verdict connotes something less than

willfulness by the Debtor.[2]  In any event, any ambiguity that is caused by the use of "and/or" is mitigated by the entirety of the verdict and the Supreme Court's affirmation of the principle that injuries stemming from intentional torts are generally nondischargeable under § 523(a)(6). *Kawaauhau*, 523 U.S. at 60.  Here, the State Court found the Debtor liable for assault and battery, both of which are intentional torts. *W. Va. Fire & Cas. Co. v. Stanley*, 602 S.E.2d 483, 494-95 (W. Va. 2004) (defining both assault and battery as intentional acts). Accordingly, the court is confident that the Debtor's willfulness was determined and affirmatively found to exist by the State Court. Assuming arguendo that the inclusion of "recklessly" on the verdict form creates ambiguity, it is immaterial in light of the ultimate finding that the Debtor "assaulted and battered" the Plaintiff; both of which acts, per force, constitute intentional torts.  That verdict is now settled law of the case.  To the extent the State Court's instructions or verdict form improperly or compromisingly blended intentional and non-intentional tort elements, the method for challenging them was by way of appeal.  This court has no knowledge of such an appeal or, if one was taken, that it was successful.  Thus, the result in State Court must stand.  This court must give deference to it, and the verdict clearly found the Debtor liable for the intentional torts of assault and battery despite any ambiguity in the verdict form.

Likewise, the court finds the State Court's judgment controlling regarding the issue of malice.  Specifically, the State Court found that the Debtor acted with "actual malice or with a conscious, reckless, and outrageous indifference to the health, safety, and welfare of the Plaintiff." In fact, the jury found that the Debtor did not act in self-defense and awarded the Plaintiff with $2,500 in punitive damages.  Taken as a whole, the verdict in the State Court is sufficient to establish a malicious injury under § 523(a)(6).  To the extent there is no explicit finding of maliciousness embedded in the verdict, an implied finding of malice is sufficient. *See Thomas*, Adv. No. 17-ap-03, 2017 WL 3495743, at *3; *See Jacques v. Hoak (In re Hoak)*, Adv. No. 16-ap-32, 2017 WL 83351, at *3 (Bankr. N.D.W. Va.  Jan. 9, 2017).  Notably, a "conscious . . . and outrageous indifference to the health, safety, and welfare of the Plaintiff" is sufficient to support such a finding. *In re Stanley*, 66 F.3d at 667.

---

[2]  For instance, even "wantonly" signifies a more aware state of mind and higher degree of culpability. *See Black's Law Dictionary* 1815 (10th ed. 2014).

6

## IV. CONCLUSION

Based upon the foregoing discussion, the court finds that the State Court judgment against the Debtor is nondischargeable in bankruptcy under § 523(a)(6) of the Bankruptcy Code. Pursuant to Fed. R. Civ. P. 58, made applicable here by Fed. R. Bankr. P. 7058, the court will enter a separate order granting the Plaintiff's motion for summary judgment.